NO. 07-00-0314-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 5, 2001

_____

MARK ANTHONY JOHNSON, APPELLANT

V.

DAVID PAUL WALKER, APPELLEE

_____

FROM THE 56TH DISTRICT COURT OF GALVESTON COUNTY;

NO. 99CV1089; HONORABLE NORMA VENSO, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

This appeal arises from a legal malpractice suit filed by Mark Anthony Johnson (Johnson) against his former attorney David Paul Walker (Walker). On cross motions for summary judgment, the trial court rendered judgment for Walker. We affirm.

Johnson hired Walker to represent him after an arrest for the offense of possession of a firearm by a felon in early May 1993. While Johnson was free on $120,000 bond,

Walker sought and obtained a preliminary hearing on the charge. During that hearing, a discrepancy in dates between the arresting officer's testimony and his report prompted the judge to suggest she would find there was no probable cause and dismiss the charge. Walker suggested that Johnson be continued on bond until the case was heard by the grand jury. The judge agreed and Johnson remained on bond until he was indicted for that offense on June 24, 1993.

As a result of the indictment, he was arrested the following month for violating the terms of his parole from a prior conviction. Walker represented Johnson in two hearings on the parole violation and presented the testimony of two witnesses. As a result of those hearings, Johnson's parole was revoked. Johnson sent a handwritten letter to Walker on September 22, 1993, thanking him for the help he had provided on the case, but "relieving you from this case." Walker sought, and was granted, permission to withdraw as counsel in the prosecution for possession of a firearm. Johnson hired another attorney to represent him, pled nolo contendere, and was sentenced to six years confinement on May 27, 1994.

On November 16, 1999, Johnson filed suit against Walker alleging malpractice, violation of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), breach of contract, breach of fiduciary duty, and breach of warranty. An amended petition added a claim for conspiracy. Walker's answer contained a general denial and asserted the affirmative defense of limitations. In December 1999, Johnson moved for summary judgment on each of his claims and challenged Walker's claim of limitations by asserting the discovery rule and fraudulent concealment. On February 7, 2000, Walker filed a

response to Johnson's motion and a cross-motion for summary judgment on the grounds of limitations, and a "public policy" argument that any damages suffered by Johnson were the result of his own criminal conduct and not any negligence of Walker. The trial court denied Johnson's motion and granted Walker's motion without stating a specific ground on which judgment was granted.

Johnson now presents three issues which he contends show error in the trial court's judgment. His brief identifies three other asserted errors on the part of the trial court, but states he "will waive argument on" the issues concerning his claims for breach of contract, breach of warranty and conspiracy.

The summary judgment motion in this case was a "traditional" motion based on Texas Rule of Civil Procedure 166a(c). The standards applicable to review of summary judgments of that type are so well established as to make their recitation here unnecessary. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Because the judgment does not recite the grounds on which it was granted, we must affirm if any of the grounds stated in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

Finding it dispositive of each of Johnson's issues, we initially consider the issue of limitations. The applicable limitations period to claims of legal malpractice is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. §16.003 (Vernon Supp. 2001); *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 156 (Tex. 1991). The same period is applicable to claims

based on the DTPA. *See* Tex. Bus. & Com. Code Ann. § 17.565 (Vernon 1987). The applicable limitations period begins to run when a cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2001).

It is the rule that a legal injury in tort occurs when the tort is committed and damage suffered, even if the fact of the injury is not discovered until later or some of the damages have not yet occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1993); *Black v. Wills*, 758 S.W.2d 809, 816 (Tex.App.--Dallas 1988, no writ). The discovery rule is an exception to this rule and permits courts to hold an action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. *S.V.*, 933 S.W.2d at 4.

The discovery rule can apply to legal malpractice claims. *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988). Therefore, a cause of action for legal malpractice accrues when the client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered the facts establishing the elements of a cause of action. *Hughes*, 821 S.W.2d at 156. An additional tolling provision applies to legal malpractice cases. In *Hughes*, the court held the pendency of litigation tolls the running of limitations until the litigation is terminated. *Id.* at 157. The purpose of this rule is to prevent clients from taking inconsistent positions. *Id.* Additionally, when a plaintiff has raised the discovery rule in response to the defense of limitations in the summary judgment context, the defendant-movant must establish when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of

fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990). Johnson asserted the applicability of the discovery rule in his motion for summary judgment.

Here, the relevant litigation terminated when Johnson pled guilty to the possession charge in May 1994. Because this was more than two years before Johnson filed suit against Walker, the claims for malpractice and violation of the DTPA are time barred unless Walker failed to establish that the discovery rule does not apply.

The conduct from which Johnson's claims arise are 1) Walker's failure to obtain his release from bond at the preliminary hearing, and 2) the failure to present the affidavits of defense witnesses to the grand jury or prosecution before his indictment. As relevant to the first item, Johnson's original petition recited that he was present in the courtroom when Walker rejected the idea of dismissing the charge and releasing Johnson until the grand jury met and that he "couldn't believe [Walker] made those remarks."[1] This admission in Johnson's petition clearly shows he was aware of the conduct of which he now complains in 1993.[2]

---

[1]Johnson's argument suggests that he mistakenly believes that dismissal of the charge at the preliminary hearing would have prevented his subsequent indictment by the grand jury. This is not correct but is not relevant to the issues before us.

[2]Walker also points out that by having Johnson bound over for the grand jury avoided the expense of Johnson having to again post bond after an indictment. However, there is nothing in the record to show whether Johnson's bond was by cash deposit or through a bondsman, who typically charge 10 percent of the bond, here $12,000.

Johnson's petition also asserts that "during the course of the (4) months that [he] was represented by [Walker, Johnson] constantly ask[ed] [Walker] to submit evidence in [Johnson's] favor to the D.A. office" and that Walker refused, stating the evidence was not favorable. Because Johnson terminated Walker as his attorney in September 1993, the petition shows that Johnson was aware of the conduct on which his claims are based, before September 1993, more than two years before his original petition.

In his motion for summary judgment, Johnson argues that he "discovered the wrong and unjust legal injury in the month of June 1999 while doing legal research." In *White v. Cole*, 880 S.W.2d 292 (Tex.App.--Beaumont 1994, writ denied), the court addressed this exact question and held "the discovery rule applies to the knowledge of facts on the part of the appellant as opposed to a knowledge of the law." *Id.* at 295. Johnson relies on *Willis* for the proposition that the discovery rule applies when a "client's ignorance of the law make [the] wrong undiscoverable." In *Willis*, the court actually wrote: "we hold that the statute of limitations for legal malpractice actions does not begin to run until the claimant discovers or should have discovered through the exercise of reasonable care and diligence the *facts* establishing the elements of his cause of action." *Willis*, 760 S.W.2d at 646 (emphasis added).

Because Johnson has waived any complaint concerning the disposition of his claims for breach of contract, breach of warranty and conspiracy, we need not address them. However, it is worth noting that the conspiracy claim is governed by the two-year limitations period of Civil Practice & Remedies Code Section 16.003; *Stevenson v. Koutzarov*, 795

6

S.W.2d 313, 318 (Tex.App.--Houston [1st Dist.] 1990, writ denied), and the contract claims are governed by the four-year limitations period. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004; *Rampart Capital Corp. v. Egmont Corp.,* 18 S.W.3d 318, 321 (Tex.App.--Beaumont 2000, no pet). Consequently, the summary judgment record establishes both types of claims are also barred by limitations.

The summary judgment record conclusively establishes that each of Johnson's claims were barred by limitations. We overrule Johnson's first point and hold the trial court did not err in granting Walker's motion and rendering judgment in his favor. This holding obviates the necessity for addressing Johnson's remaining issues.

The judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.

7