In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-04-222 CV


____________________



THOMAS ANDREW CLAKLEY, Appellant



V.



LINDA FAY RICHARDSON, Appellee






On Appeal from the 1-A District Court


Newton County, Texas


Trial Court Cause No. 3382-D






MEMORANDUM OPINION


 On September 16, 2003, the trial court signed an agreed Final Decree of Divorce
between Thomas Andrew Clakley and Linda Fay Richardson which provided for the
division of community property of the parties, and awarded Richardson the following:


 Any and all sums of cash in the possession of or subject to the control
of [Richardson]; including money on account in any financial
institution standing in [Richardson's] name or from which 
[Richardson] has the right to withdraw funds, subject to the
provisions of the following subparagraph; and,
 Gross funds totaling $55,000.00 to be withdrawn from the following
accounts in the order listed below, and [Clakley] is hereby
ORDERED to transfer and/or release such funds to [Richardson]
within fifteen (15) days from the date of signing of this Decree, with
any remaining funds from said accounts after payment of said
$55,000.00 to [Richardson] being hereby awarded to [Clakley] as his
sole and separate property as hereinabove provided:


 

 a) Vanguard Growth Index Fund Account #9921279209 standing
in the names of [Clakley] and [Richardson];



 
 Westvaco Savings & Investment Plan for Hourly Employees
Account standing in [Clakley's] name;

 First Bank and Trust Savings Account #220000365 standing in
[Clakley's] name;

 Savings account #5040 at Eastex Employees Federal Credit
Union standing in [Clakley's] name; and,

 Rollover out of the Vanguard Prime Money Market Fund
Account #09940254917 standing in [Clakley's] name.
 


 

 Neither party perfected an appeal from the divorce decree, and the judgment became
final. Clakley delivered $3,000 in cash to Richardson, and executed documents allowing
Richardson to withdraw $9,150.62 from the Vanguard Growth Index Fund, which stood
in the name of both parties. On February 25, 2004, Richardson filed a Motion for
Enforcement of Judgment. On March 4, 2004, Clakley filed a Motion to Enter Qualified
Domestic Relations order requesting the trial court enter a qualified domestic relations
order in the form required by the plan administrator to enforce the division of community
property set forth in the Final Decree of Divorce. The trial court signed the qualified
domestic relations order submitted by Clakley's attorney. Neither party filed a motion for
clarification of the Final Decree of Divorce. On April 26, 2004, the trial court signed an
Order on Motion for Clarification of Final Decree of Divorce. The order found that
Clakley owed $47,424.69 on the $55,000 awarded to Richardson in the divorce decree. 
 Clakley appeals the order. In his first issue, Clakley says the court erred because
the order did not give Clakley credit for the total sum paid to Richardson from the
Vanguard Growth Index Fund, and erroneously awarded Richardson net funds after taxes
rather than gross funds. In his second issue, Clakley argues the trial court erred in
modifying the division of property after its plenary jurisdiction expired. We will address
issues one and two together.

 We review the trial court's order for an abuse of discretion. A trial court abuses
its discretion when it acts in an unreasonable and arbitrary manner, without reference to
any guiding rules and principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). 

 A marital property agreement which is incorporated into a divorce decree is
construed under the law of contracts. See Allen v. Allen, 717 S.W.2d 311, 313 (Tex.
1986). 


 An unambiguous contract must be enforced as written, examining the entire
document and giving terms their plain, ordinary, and generally accepted
meaning unless the instrument shows that the parties used them in a technical
or different sense.


Rampart Capital Corp. v. Egmont Corp., 18 S.W.3d 318, 322 (Tex. App.--Beaumont
2000, no pet.) (citing Heritage Resources, Inc. v. NationsBank, 939 S.W.2d 118, 121
(Tex. 1996)). If there is no ambiguity, the court must give literal effect to the decree as
written. Baxter v. Ruddle, 794 S.W.2d 761, 763 (Tex. 1990). In addition, when a divorce
decree is unambiguous, the trial court lacks authority to enter an order altering or
modifying the original disposition of property. See Shanks v. Treadway, 110 S.W.3d 444,
449 (Tex. 2003). Whether an ambiguity exists is a question of law for the court. See
National Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc., 907 S.W.2d 517, 520
(Tex. 1995); see also Hurley v. Hurley, 960 S.W.2d 287, 288 (Tex. App.--Houston [1st
Dist.] 1997, no pet.). A contract is ambiguous if its meaning is uncertain or it is
reasonably susceptible to more than one meaning. See Coker v. Coker, 650 S.W.2d 391,
393 (Tex. 1983). A court may not alter a judgment after the expiration of its plenary
power, and an order attempting to do so is void. See Lundy v. Lundy, 973 S.W.2d 687,
688 (Tex. App.--Tyler 1998, pet. denied); see also Tex. Fam. Code Ann. § 9.007(b)
(Vernon 1998). 

 Subparagraph 6 on page 11 of the Final Decree of Divorce states Richardson is to
receive money on account in any financial institution standing in Richardson's name or
from which Richardson has the right to withdraw funds, subject to the provisions of the
following subparagraph. Subparagraph 7 of the decree lists the Vanguard Growth Index
Fund as the first account from which withdrawals are to be made. This provision of the
decree is not ambiguous. The trial court had no authority to modify the decree and only
allow Clakley credit for one-half of the account balance of the Vanguard Growth Index
Fund against the gross funds of $55,000 awarded to Richardson. Clakley should have
received credit for the full sum of $9,150.62 withdrawn from the account to be applied
against the gross funds awarded to Richardson.

 Subparagraph 7 on page 11 of the decree states that Richardson is to receive "Gross
funds totaling $55,000.00 to be withdrawn from the following accounts in the order listed
below." This provision of the decree is not ambiguous, and does not award Richardson
net funds totaling $55,000.00 after taxes as modified in the clarification order. The word
"gross" generally means whole, entire, total, or without deduction. See Fire Ass'n of
Philadelphia v. Love, 101 Tex. 376, 108 S.W. 158, 160 (1908). The phrase "gross funds
totaling $55,000.00" as used in the decree here is not ambiguous, and clearly means total
funds of $55,000.00 prior to any deductions for taxes or any other charges. The trial court
had no authority to modify the substantive division of property contained in the decree to
alter the agreement of the parties from "gross funds totaling $55,000.00" to net funds after
taxes of $55,000.00. Clakley's first and second issues are sustained. 

 In his third issue, Clakley says the trial court erred in failing to enter a qualified
domestic relations order to enforce the division of community property. The divorce
decree provides the Westvaco Savings & Investment Plan is the next account from which
funds are to be withdrawn to satisfy the balance due Richardson. See Tex. Fam. Code
Ann. § 9.103 (Vernon 1998). It appears Clakley cannot withdraw the funds from the
defined contribution plan without a proper qualified domestic relations order. A qualified
domestic relations order is authorized under sections 9.103 and 9.104 of the Texas Family
Code. See Tex. Fam. Code Ann. §§ 9.103, 9.104 (Vernon 1998). It appears the trial
court signed a qualified domestic relations order submitted by Clakley's attorney. 
However, the trial court subsequently signed the clarification order at issue. The
clarification order appears inconsistent with the qualified domestic relations order, and
essentially rendered the qualified domestic relations order ineffective. This was error. 
Clakley's third issue is sustained.

 The order on motion for clarification is reversed and the case is remanded to the
trial court for further proceedings consistent with this opinion.

 REVERSED AND REMANDED 


 PER CURIAM


Submitted on October 1, 2004

Opinion Delivered December 9, 2004

 

Before McKeithen, C.J., Burgess and Gaultney, JJ.