NO. 07-05-0159-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 25, 2005



______________________________


 

IN THE INTEREST OF A.R.M., A CHILD


 _________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-516,052; HONORABLE SAM MEDINA, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant James A. Miller filed a notice of accelerated appeal, received by the trial
court on April 18, 2005, stating that he was appealing a March 30, 2005 judgment
terminating his parent-child relationship with the minor child, A.R.M. (1)

 The notice of appeal was received by this Court on April 22, 2005, and by letter that
same day the clerk of this Court notified appellant that the filing fee had not been paid, and
that failure to pay it could result in dismissal. Appellant filed an affidavit of indigence with
the trial court on April 25, 2005, pursuant to Rule 20.1 of the Rules of Appellate Procedure. 
A motion requesting an extension of time to file appellant's affidavit of indigence was filed
with this Court April 29, 2005. Tex. R. App. P. 10.5 (b), 20.1(c)(3). 

 On April 29, 2005, the trial court held a hearing pursuant to section 263.405(e) of
the Texas Family Code for the purpose of determining if appellant was indigent and
whether the appeal was frivolous, and to consider appellant's motion for new trial. Tex.
Fam. Code Ann. § 263.405(e) (Vernon 2002). The trial court signed an order the same day
denying appellant's motion for new trial, denying his request to proceed as indigent, and
finding his appeal to be frivolous. That order has not been appealed. (2)

 The clerk of this Court notified appellant by letter on May 6, 2005, that his motion
for extension of time to file the affidavit of indigence was denied. He was directed by letter
to pay the filing fee on or before May 16, 2005. The letter again advised him that failure
to pay the filing fee could result in the appeal being dismissed. See Tex. R. App. P.
42.3(b), (c).

 Appellant is not excused by statute or the Rules of Appellate Procedure from paying
costs. Tex. R. App. P. 5. Appellant has failed to comply with the requirement that he pay
the filing fee this Court is obligated to collect, and with this Court's orders with respect to
the filing fee. All parties having had more than ten days' notice that dismissal could result
from appellant's continued failure to comply with the rules and this Court's orders, the
appeal is dismissed. Tex. R. App. P. 5, 42.3(b), (c).


 James T. Campbell

 Justice 
1. 
 
2. ' 
 ' ' 
' 
 § ' 
 - ' 
 § 
 ' 
 




the result of his own criminal conduct and not any negligence of Walker. The trial court
denied Johnson's motion and granted Walker's motion without stating a specific ground
on which judgment was granted.

 Johnson now presents three issues which he contends show error in the trial court's
judgment. His brief identifies three other asserted errors on the part of the trial court, but
states he "will waive argument on" the issues concerning his claims for breach of contract,
breach of warranty and conspiracy. 

 The summary judgment motion in this case was a "traditional" motion based on
Texas Rule of Civil Procedure 166a(c). The standards applicable to review of summary
judgments of that type are so well established as to make their recitation here
unnecessary. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985). Because the judgment does not recite the grounds on which it was granted, we
must affirm if any of the grounds stated in the motion are meritorious. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989). 

 Finding it dispositive of each of Johnson's issues, we initially consider the issue of
limitations. The applicable limitations period to claims of legal malpractice is two years. 
See Tex. Civ. Prac. & Rem. Code Ann. §16.003 (Vernon Supp. 2001); Hughes v. Mahaney
& Higgins, 821 S.W.2d 154, 156 (Tex. 1991). The same period is applicable to claims
based on the DTPA. See Tex. Bus. & Com. Code Ann. § 17.565 (Vernon 1987). The
applicable limitations period begins to run when a cause of action accrues. Tex. Civ. Prac.
& Rem. Code Ann. § 16.003(a) (Vernon Supp. 2001). 

 It is the rule that a legal injury in tort occurs when the tort is committed and damage
suffered, even if the fact of the injury is not discovered until later or some of the damages
have not yet occurred. S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1993); Black v. Wills, 758
S.W.2d 809, 816 (Tex.App.--Dallas 1988, no writ). The discovery rule is an exception to
this rule and permits courts to hold an action does not accrue until the plaintiff knew or in
the exercise of reasonable diligence should have known of the wrongful act and resulting
injury. S.V., 933 S.W.2d at 4. 

 The discovery rule can apply to legal malpractice claims. Willis v. Maverick, 760
S.W.2d 642, 645 (Tex. 1988). Therefore, a cause of action for legal malpractice accrues
when the client sustains a legal injury or, in cases governed by the discovery rule, when
the client discovers or should have discovered the facts establishing the elements of a
cause of action. Hughes, 821 S.W.2d at 156. An additional tolling provision applies to
legal malpractice cases. In Hughes, the court held the pendency of litigation tolls the
running of limitations until the litigation is terminated. Id. at 157. The purpose of this rule
is to prevent clients from taking inconsistent positions. Id. Additionally, when a plaintiff has
raised the discovery rule in response to the defense of limitations in the summary judgment
context, the defendant-movant must establish when the cause of action accrued and must
negate the discovery rule by proving as a matter of law that there is no genuine issue of
fact about when the plaintiff discovered or should have discovered the nature of the injury. 
Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990). Johnson asserted the applicability
of the discovery rule in his motion for summary judgment.

 Here, the relevant litigation terminated when Johnson pled guilty to the possession 
charge in May 1994. Because this was more than two years before Johnson filed suit
against Walker, the claims for malpractice and violation of the DTPA are time barred
unless Walker failed to establish that the discovery rule does not apply. 

 The conduct from which Johnson's claims arise are 1) Walker's failure to obtain his
release from bond at the preliminary hearing, and 2) the failure to present the affidavits of 
defense witnesses to the grand jury or prosecution before his indictment. As relevant to
the first item, Johnson's original petition recited that he was present in the courtroom when
Walker rejected the idea of dismissing the charge and releasing Johnson until the grand
jury met and that he "couldn't believe [Walker] made those remarks." (1) This admission in
Johnson's petition clearly shows he was aware of the conduct of which he now complains
in 1993. (2) 

 Johnson's petition also asserts that "during the course of the (4) months that [he]
was represented by [Walker, Johnson] constantly ask[ed] [Walker] to submit evidence in
[Johnson's] favor to the D.A. office" and that Walker refused, stating the evidence was not
favorable. Because Johnson terminated Walker as his attorney in September 1993, the
petition shows that Johnson was aware of the conduct on which his claims are based,
before September 1993, more than two years before his original petition.

 In his motion for summary judgment, Johnson argues that he "discovered the wrong
and unjust legal injury in the month of June 1999 while doing legal research." In White v.
Cole, 880 S.W.2d 292 (Tex.App.--Beaumont 1994, writ denied), the court addressed this
exact question and held "the discovery rule applies to the knowledge of facts on the part
of the appellant as opposed to a knowledge of the law." Id. at 295. Johnson relies on
Willis for the proposition that the discovery rule applies when a "client's ignorance of the
law make [the] wrong undiscoverable." In Willis, the court actually wrote: "we hold that the
statute of limitations for legal malpractice actions does not begin to run until the claimant
discovers or should have discovered through the exercise of reasonable care and diligence
the facts establishing the elements of his cause of action." Willis, 760 S.W.2d at 646
(emphasis added). 

 Because Johnson has waived any complaint concerning the disposition of his claims
for breach of contract, breach of warranty and conspiracy, we need not address them. 
However, it is worth noting that the conspiracy claim is governed by the two-year limitations
period of Civil Practice & Remedies Code Section 16.003; Stevenson v. Koutzarov, 795
S.W.2d 313, 318 (Tex.App.--Houston [1st Dist.] 1990, writ denied), and the contract claims
are governed by the four-year limitations period. See Tex. Civ. Prac. & Rem. Code Ann.
§ 16.004; Rampart Capital Corp. v. Egmont Corp., 18 S.W.3d 318, 321 (Tex.App.--Beaumont 2000, no pet). Consequently, the summary judgment record establishes both
types of claims are also barred by limitations.

 The summary judgment record conclusively establishes that each of Johnson's
claims were barred by limitations. We overrule Johnson's first point and hold the trial court
did not err in granting Walker's motion and rendering judgment in his favor. This holding
obviates the necessity for addressing Johnson's remaining issues.

 The judgment of the trial court is affirmed.


 John T. Boyd

 Chief Justice


Do not publish.
1. Johnson's argument suggests that he mistakenly believes that dismissal of the
charge at the preliminary hearing would have prevented his subsequent indictment by the
grand jury. This is not correct but is not relevant to the issues before us.
2. Walker also points out that by having Johnson bound over for the grand jury
avoided the expense of Johnson having to again post bond after an indictment. However,
there is nothing in the record to show whether Johnson's bond was by cash deposit or
through a bondsman, who typically charge 10 percent of the bond, here $12,000.