**Frank WASHINGTON, Appellant,**

v.

**Rudolph GEORGES and Hope, Hohman & Georges, Appellees.**

**No. 04–91–00604–CV.**

Court of Appeals of Texas, San Antonio.

May 20, 1992.

Rehearing Denied Aug. 3, 1992.

Ricardo G. Cedillo and Susan G. Lozano, Davis, Adami & Cedillo, San Antonio, for appellant.

Cathy J. Sheehan and Jeffrey Curtis Manske, Plunkett, Gibson & Allen, Inc., San Antonio, for appellee.

Before PEEPLES, CARR and GARCIA, JJ.

## OPINION

PEEPLES, Justice.

In this legal malpractice case, the trial court rendered summary judgment on the ground that suit was barred by the statute of limitations. Georges initially defended Washington in a lawsuit that resulted in an adverse money judgment. The judgment was signed on October 14, 1988, and became final on November 13, 1988. Tex. R.Civ.P. 329b.

Washington notified Georges of this malpractice claim on October 18, 1990, and Georges agreed to toll the statute of limitations until December 31, 1990, if the suit would have been timely in October 1990. Georges argues that as a matter of law Washington knew about his cause of action in May 1988 and that this suit was barred in May 1990; Washington argues that the limitations period did not commence until the judgment became final on November 13.

We think the supreme court's recent decision in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex.1991),[1] supports Washington's position. In *Hughes* the court considered when the statute of limitations begins to run in a legal malpractice case in which the attorney represented the client during litigation. The court held that limitations begin to run when all appeals are exhausted. The court reasoned that to re-

quire the client to bring suit while the judgment was being attacked on appeal would force the client to take inconsistent and contradictory positions. In the *malpractice* case, the client would be contending that the lawyer's negligence prejudiced him. In the *appeal of the original case*, he would be contending that the lawyer's conduct was not fatal to his position and that he was entitled to judgment. The court also observed that if the first judgment were set aside on appeal the malpractice lawsuit would be unnecessary.

Georges argues that *Hughes* does not govern this case because Washington did not appeal. Therefore, he argues, the discovery rule applies, and because Washington discovered the facts suggesting he had a cause of action in May 1988, the suit is barred.

We conclude that the present case comes within the *Hughes* rule, and that the ordinary discovery rule does not apply. It is true that the present case differs from *Hughes* because here Washington did not appeal. But even though there was no appeal, the trial court could have set the judgment aside before November 13, and an appeal could have been perfected within the same time. *See* Tex.R.Civ.P. 329b; Tex.R.App.P. 41(a). *Hughes* held that "the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." 821 S.W.2d at 157. In our view, as long as an appeal may still be *perfected*, it cannot be said that all appeals have been *exhausted*. To read *Hughes* as Georges urges would mean that limitations commenced in May 1988, but Washington could have "reset the clock" and started limitations anew by perfecting an appeal.

In *Hughes* the court wanted to avoid forcing the client to take conflicting positions in two different lawsuits before the first one was completely finished. That is precisely what would happen if Washington were expected to bring suit while the court still had jurisdiction to reconsider its prior rulings and grant him relief in the original

---

1. *Hughes* was decided two months after the trial court rendered judgment for Georges, and there-

fore the court could not have anticipated its new rule.

case. To require Washington to sue before the court lost jurisdiction over the case on November 13 would have forced him to take a position inconsistent with the position he was entitled to take in court—that he was entitled to a favorable judgment regardless of what Georges had done.

The *Hughes* court also said, "Limitations are tolled for the second cause of action because the viability of the second cause of action depends on the outcome of the first." 821 S.W.2d at 157. In the present case, the outcome of the first case was not certain until the trial court lost jurisdiction on November 13, 1988.

Georges withdrew several months before the final judgment was signed. But under *Hughes* it seems not to matter whether the lawyer withdraws from the case or continues to represent the client until the underlying case is concluded. In *Hughes*, the attorney had withdrawn before judgment because he might have been called to testify. If conflict with the attorney had been the *Hughes* court's concern—instead of concern about making the client take conflicting positions in the two lawsuits—the court would not have eliminated the discovery rule and postponed limitations as it did.

In summary, we conclude the language of *Hughes* covers the situation before us, and that *Hughes* also rests on two policy concerns that are served by applying its rule in this case. The court wanted (1) to avoid forcing the client to take conflicting positions in two live cases, and (2) to give the legal system a chance to resolve the case in the client's favor before commencing limitations on his right to sue the lawyer. Those concerns are furthered by holding that limitations on Washington's right to sue Georges did not begin to run until the legal system had produced a final judgment against Washington.

For these reasons, the limitations period on Washington's cause of action did not begin to run until November 13, 1988. Under the tolling agreement, which extended the deadline to December 31, 1990, he came within the limitations period by filing this suit on December 21, 1990.

The judgment is reversed and the cause remanded for further proceedings.