Andrea GUILLOT, f/k/a Andrea Barker, Appellant,

v.

John E. SMITH, Appellee.

No. 01–98–01064–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 20, 1999.

Rehearing Overruled June 28, 1999.

H. Miles Cohn, Houston, for Appellant.

Andrew E. Rubenstein, Jason P. Crowson, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

In this legal malpractice case, the appellant, Andrea Guillot, appeals a summary judgment granted in favor of the appellee, John Smith. The sole issue in this case is whether the statute of limitations on a legal malpractice action is tolled during the period following the act of malpractice if the attorney continues to represent his or her client in a bankruptcy proceeding. We hold that the statute of limitations is tolled, and, therefore, we reverse the judgment of the trial court.

1. Guillot filed suit against Smith on Novem-

## Facts and Procedural History

After incurring substantial federal income tax liabilities, Guillot retained Smith as her attorney. Smith told Guillot that he was experienced and knowledgeable in bankruptcy proceedings, including tax claims in bankruptcy. Smith advised Guillot to file for Chapter 13 bankruptcy and represented her in that proceeding. After making payments under the Chapter 13 plan for approximately two years, Guillot encountered additional financial problems and was unable to continue making the required payments. In November 1994, Guillot again retained Smith, who advised her to convert her Chapter 13 bankruptcy plan into a Chapter 7 plan. According to Guillot, Smith assured her that this conversion would result in the discharge of her remaining tax liability "except $2,300.00 for later years." In November 1994, based on Smith's advise, Guillot converted her bankruptcy to a Chapter 7 proceeding. Smith represented Guillot in that proceeding.

On June 26, 1995, Guillot received a letter from the IRS notifying her of its intent to levy on her property. Over the next few months, Guillot and Smith had numerous conversations regarding her tax situation. After Smith contacted the IRS on Guillot's behalf, he informed her that he made a mistake in advising her that her tax liabilities would be discharged upon conversion to a Chapter 7 proceeding. However, he stated that he could remedy the problem.

Between 1995 and 1996, Smith continued to represent Guillot in the Chapter 7 bankruptcy proceeding. He reviewed the bankruptcy file, the applicable law, and obtained a release of the levy filed by the IRS. However, because of Guillot's financial situation, Smith advised her to file another Chapter 13 proceeding. Guillot did not take Smith's advice. Instead, Guillot sued Smith for legal malpractice.[1]

ber 4, 1997.

Smith moved for summary judgment asserting that Guillot's claim was barred by limitations. According to Smith, Guillot did not file suit within two years after the date she discovered his alleged malpractice. The trial court granted Smith's motion, and this appealed followed. In one point of error, Guillot contends the trial court erred in granting Smith's motion for summary judgment.

### Standard of Review

When a defendant moves for summary judgment based on the affirmative defense of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *Rogers v. Ricane Enter., Inc.,* 772 S.W.2d 76, 80–81 (Tex. 1989); *Fernandez v. Memorial Healthcare Sys., Inc.,* 896 S.W.2d 227, 230 (Tex.App.— Houston [1st Dist.] 1995, writ denied). The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug,* 787 S.W.2d 348, 351 (Tex.1990).

### Discussion

The accrual of a professional malpractice claim based on erroneous tax advice is governed by the discovery rule. *Murphy v. Campbell,* 964 S.W.2d 265, 270–71 (Tex. 1997). Thus, a client's cause of action for legal malpractice accrues when the client discovers or should have discovered the facts establishing the elements of the cause of action. *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex.1991) (citing *Willis v. Maverick,* 760 S.W.2d 642, 643 (Tex.1988)). However, in *Hughes,* the Texas Supreme Court espoused a different rule in legal malpractice cases, which provides:

> "[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled [during the pendency of the underlying litigation]."

*Id.* at 157. This rule is based on the rationale that when an attorney commits malpractice while representing a client in litigation,[2] the discovery rule can put the client into a difficult position. *Id.* at 156.

If the traditional discovery rule were applied, a client would be forced to assert inconsistent legal positions in the underlying case and in the malpractice action. *Murphy v. Campbell,* 964 S.W.2d 265, 272 (Tex.1997); . Moreover, the client would be forced to file a malpractice claim against the lawyer representing him. *Murphy,* 964 S.W.2d at 272. Thus, it "would necessarily make it impossible for the lawyer to continue his representation," and the client would then be forced to hire other counsel. It was this scenario that persuaded the Court to adopt the tolling rule in *Hughes. Id.*

Smith, relying on *Ponder v. Brice & Mankoff,* 889 S.W.2d 637 (Tex.App.— Houston [14th Dist.] 1994, writ denied), contends that the statute of limitations on Guillot's legal malpractice claim began to run on June 26, 1995, the date she received the letter from the IRS informing her of its intent to levy on her property. Because Guillot did not file her claim within two years of this letter,[3] Smith asserts that

---

**2.** Smith has not argued that a bankruptcy proceeding is not "litigation" within the meaning of the *Hughes* rule. However, even if such an argument was made, we would reject it, and find that a bankruptcy proceeding is "litigation" under *Hughes.* The concerns voiced by the *Hughes* Court, without question, apply equally in a bankruptcy context. The client would still be forced to assert inconsistent positions in the bankruptcy and malpractice action, and be left to either hire new counsel or continue to allow an attorney who may have committed malpractice to represent him in the underlying action. This was the rationale behind *Hughes,* and we see no reason to depart from that logic on the basis that a bankruptcy proceeding is not traditional litigation.

**3.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.1999) (setting forth the applicable statute of limitations in professional malpractice cases).

her claim is barred by limitations. We disagree.

We find *Ponder* distinguishable from the present dispute for two reasons. First, unlike the facts in *Ponder*, at the time the alleged malpractice occurred, an attorney-client relationship existed between Guillot and Smith. Second, contrary to the facts of *Ponder*, the alleged malpractice occurred while Smith represented Guillot in a claim that resulted in litigation. *But see Burnap v. Linnartz*, 914 S.W.2d 142, 147–48 (Tex.App.—San Antonio 1995, writ denied) (holding *Hughes* rule inapplicable because alleged malpractice was not committed in connection with the prosecution or defense of claim that results in litigation). Therefore, we find *Ponder* inapplicable to the present dispute.

At oral argument, Smith presented an additional argument not raised in his brief. He asserted that the underlying litigation—the bankruptcy proceeding—ended on April 10, 1995. Thus, by not filing her malpractice claim against Smith within two years of that date, Guillot's claim is barred by limitations. We reject this argument because there is no summary judgment evidence establishing when the bankruptcy proceeding ended.

Finally, if we held that the statute of limitations began to run from the date Guillot received the letter from the IRS, she would have been in a difficult position. At the time the statute of limitations would have run under the discovery rule, Guillot's Chapter 7 bankruptcy proceeding and her dealings with the IRS had not been resolved. Thus, Guillot would have been forced to choose between Smith's continued representation and discharging Smith in order to file a malpractice claim against him. *See Murphy*, 964 S.W.2d at 272. As a result, Guillot would have been forced into taking inconsistent positions in the two proceedings. *Id.; Hughes*, 821 S.W.2d at 157. This is the exact situation the Supreme Court intended to prevent in *Hughes*.

We conclude that the statute of limitations on Guillot's malpractice claim against Smith was tolled during the pendency of Smith's representation of Guillot in an ongoing bankruptcy proceeding. Therefore, the trial court erred in granting summary judgment in favor of Smith on his affirmative defense of limitations.

We reverse the judgment of the trial court and remand the case.