NO. 07-07-0163-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 29, 2008



______________________________




MICHAEL LOU GARRETT, APPELLANT



V.



JACK M. BORDEN, ET AL., APPELLEES


_________________________________


FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;


NO. 94,198-A; HONORABLE HAL MINER, JUDGE


_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.



DISSENTING OPINION



 An inmate who files a claim that is subject to the grievance system established
under Section 501.008 of the Texas Government Code is required to file with the trial court
a copy of the written decision from the grievance system. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(a)(2) (Vernon 2006). Appellees contend Appellant failed to comply
with this statutory requirement because he did not attach "actual copies" of the grievances. 
See Garrett v. Glenn, No. 07-06-0171-CV, 2006 WL 2639378 (Tex.App.-Amarillo Sept.
14, 2006, rev. denied) (mem. op.) The majority finds that a verbatim, (1) albeit hand-typed,
reproduction of the original written decision from the grievance system is not a copy. I
respectfully disagree.


 Patrick A. Pirtle

 Justice 

 
1. Appellant filed a separate document attesting to the truthfulness of these
documents. Appellees have not contested that affidavit nor raised a question as to the
accuracy thereof.



-family: 'Arial', sans-serif">AT AMARILLO

PANEL D

APRIL 20, 2009
______________________________

STEPHEN FINLEY, 

                                                                                                 Appellant

v.

JOLYN C. WILKINS, 

                                                                                                 Appellee
_________________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-599,978; HON. PAULA LANEHART, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Pending before the court is an appeal of a final summary judgment. Through that
judgment, the trial court concluded that limitations barred the legal malpractice action of
Stephen Finley against Jolyn C. Wilkins. The former had sued the latter to recover $1800
(which represented the remainder of the $5000 fee Wilkins initially received from and then
returned to Finley), interest, and attorney’s fees for representing himself pro se. We affirm
the summary judgment.
          Background
          According to Finley, he hired Wilkins to “find whether and by what means a wrongful
custody verdict in December 1997 could be corrected, reversed, reheard, or remedied by
any other means available.” The two agreed to move for a new trial citing jury misconduct
as basis for the relief.


 The motion was timely filed, then denied on April 3, 1998. 
Thereafter, the trial court entered a final divorce decree incorporating the jury’s custody
verdict in August of 1998. No appeal was taken from that final judgment.
          Before the day of the hearing on the motion for new trial, Finley discovered that
evidence of a jury’s deliberations was inadmissible. This caused him to question the
viability of the motion since, for the most part, evidence of what occurred during those
deliberations was pivotal to its success. The matter was broached with Wilkins or one of
her employees. Within weeks of the motion being denied, Finley also spoke about it with
several law professors who allegedly “expressed amazement that any attorney would file
such a motion, since the doctrine of ‘jury sanctity’ . . . was very well-known and essentially
inviolable.” They also allegedly told him that “there was no chance for the motion to
succeed” or “that [it] was doomed from the time you guys started talking about it.” 
          By October of 1999, Finley had retained another attorney and petitioned to modify
the custody provisions specified in the August 1998 decree. That petition was denied in
2002, and the decision to deny it was affirmed on December 9, 2004. Finley then initiated
the current malpractice action on July 19, 2006, contending that “the motion [for new trial]
was not pursued competently.”
 
          Discussion
          That a two-year period of limitations applies to legal malpractice claims is
undisputed. Tex. Civ. Prac. & Rem. Code Ann. §16.003(a) (Vernon Supp. 2008); Parsons
v. Turley, 109 S.W.3d 804, 807-08 (Tex. App.–Dallas 2003, pet. denied). Similarly clear
is that unless the statute of limitations was tolled, Finley’s suit against Wilkins was
untimely. Thus, Finley proffered two theories which he believed tolled limitations. They
consisted of the discovery doctrine and the application of the Hughes rationale. We
consider the former first.
          Normally, limitations begin to run when a cause of action accrues. South Plains
Switching, Ltd. Co. v. BNSF Ry. Co., 255 S.W.3d 690, 707 (Tex. App. - Amarillo 2008,
pet. denied). A legal malpractice cause of action generally accrues when facts come into
existence that authorize a client to seek a judicial remedy for a legal injury. Apex Towing
Co. v. Tolin, 41 S.W.3d 118, 120 (Tex. 2001). At times, however, the period does not
begin to run until the client discovers or through the exercise of reasonable diligence
should have discovered the facts establishing the elements of a cause of action. Id. at
120-21. Given that the purported misfeasance of Wilkins involved the motion for new trial
filed in his divorce proceeding, that Finley expressed doubts about the grounds urged in
and the viability of the motion, and that he also spoke with two law professors about the
matter and their purported comments confirmed his beliefs, we conclude, as a matter of
law, that Finley knew or reasonably should have known about the facts giving rise to his
claims before entry of the August 1998 divorce decree. So, his claim had accrued and
limitations had begun to run before then. 
          As for the second argument, we note that in Hughes v. Mahaney & Higgins, 821
S.W.2d 154 (Tex. 1991) our Supreme Court held that “when an attorney commits
malpractice in the prosecution or defense of a claim that results in litigation, the statute of
limitations on the malpractice claim . . . is tolled until all appeals on the underlying claim are
exhausted.” Id. at 157; accord, Underkofler v. Vanasek, 53 S.W.3d 343, 346 (Tex. 2001)
(wherein counsel was changed while the trial remained pending and holding that limitations
did not run until the trial resulted in a final judgment that went unappealed). To the phrase
“until all appeals on the underlying claim are exhausted,” the court added “or the litigation
is otherwise finally concluded” via its decision in Apex Towing Co. v. Tolin, 41 S.W.3d at
119. 
          Here, the purported misfeasance occurred during the litigation of child custody
issues that arose as part of Finley’s divorce. Custody had been awarded by a jury to the
mother, and Finley did not want that decision to stand. So, in effort to overturn it, he and
Wilkins filed the motion for new trial, which act Finley considered improper. Once that
motion was overruled and the results of that litigation were incorporated into the August
1998 divorce decree, all question about which parent would have what conservatorship
rights upon divorce were resolved. By that time, Finley had already discussed with others
what he believed to be Wilkins’ deficient conduct. Given these circumstances, we hold that
the underlying claim or suit, for purposes of Hughes, was the child custody dispute and
litigation culminating in the final divorce decree entered in August of 1998. Since no
appeal was taken from that judgment, the two-year limitations period began when it was
signed.
          It may well be that Finley and Wilkins spoke of petitioning for a modification of the
custody provisions previously entered. It may well be that Finley also hired another
attorney to pursue such relief once the August 1998 decree became final. Yet, just
because the subject matter of those discussions and acts involved child custody, the
modification proceeding did not become a part or continuation of the initial custody ruling
and litigation. Nor did the similarity of topics somehow make the proceedings or claims
asserted in each indivisible. The truth is quite the contrary since two distinct processes
were involved. Indeed, before there could be a second (i.e. modifying the terms of a prior
decree), the first (i.e. the execution of a prior decree) must have occurred; logically, one
cannot modify something that never happened. Furthermore, to modify the terms of
conservatorship mandated by the prior final divorce decree, a trial court would have had
to find that the circumstances have materially and substantially changed since the date the
decree was rendered. Tex. Fam. Code Ann. §156.101(1) (Vernon 2008); Zeifman v.
Michels, 212 S.W.3d 582, 589 (Tex. App.–Austin 2006, pet. denied); Bates v. Tesar, 81
S.W.3d 411, 426-27 (Tex. App.–El Paso 2002, no pet.). This in turn means that the focal
point of the modification process lies not on what existed before entry of the final judgment
but rather on what occurred or arose after entry of that decree. In view of this, we cannot
but consider the two matters as distinct suits or legal proceedings, even though they may
have the same cause number. And, this leads us to conclude here that the modification
suit subsequently prosecuted by Finley did not toll limitations, per Hughes, on any claims
arising from the decision to file the motion for new trial. 
          In short, we cannot say that the trial court erred in granting summary judgment
against Finley on the basis of limitations. That final summary judgment is affirmed.
 
 
                                                                           Brian Quinn 
                                                                          Chief Justice