**Affirmed in Part, Reversed and Remanded in Part, and Majority Opinion and Concurring and Dissenting Opinion filed May 9, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01116-CV

---

### RICHARD ALAN HAASE, Appellant

### V.

### ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO AND FRIEND, LLP, Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-17970**

---

## CONCURRING AND DISSENTING OPINION

I respectfully disagree with the majority's conclusion that Haase failed to sufficiently raised the *Hughes* tolling rule. Because I believe Haase adequately raised the issue in his summary-judgment response, the trial court should have recognized that the statute of limitations on Haase's legal-malpractice claims was tolled until the underlying litigation was finally concluded. In light of that tolling, all of Haase's causes of actions were timely filed.

The *Hughes* tolling rule provides that "when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991). As the supreme court explained, one of the rationales for the rule is that "[l]imitations are tolled for the second cause of action because the viability of the second cause of action depends on the outcome of the first." *Id.* Haase's response similarly invokes the *Hughes* tolling rule by arguing that he timely filed his malpractice suit after the outcome of the underlying litigation was finally determined.

In his response, Haase complains that limitations should be tolled because he was not sanctioned "for the legal error of Sorrels" until the federal district court's ruling on November 29, 2007, and he points out that he appealed that ruling and obtained an appellate-court ruling on March 24, 2009. Haase further complains that he "had no recoverable damages related to the lack of discovery performed by [Abraham Watkins] until Final Judgment . . . was entered on August 12, 2010 . . . ." Later in the same paragraph, Haase explains that it was "not until the Ruling of the Court of Appeals for the Federal Circuit [on March 24, 2009,] that [Haase] was authorized and entitled to seek a judicial remedy." Haase goes on to state that the applicable statute of limitations "is two (2) years," and points out that he filed his original petition on March 23, 2011, a date within two years of the Federal Circuit's ruling.

Although Haase did not cite *Hughes* specifically and his arguments are imprecise, the gist of his response was that his legal-malpractice claims were timely filed because the two-year statute of limitations was tolled during the pendency of the underlying litigation until at least March 24, 2009, when the

federal appellate court ruled on the district court's sanctions order. The majority nevertheless faults Haase for conflating the general accrual rule with the discovery rule—even though neither is fixed on the date when claims underlying a malpractice action are exhausted.[1] In any event, to the extent the language Haase used is associated with both the legal-injury rule and the discovery rule, it also reflects the supreme court's attempt to balance these rules in the legal-malpractice context. *See Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120–22 (Tex. 2001).[2] For this reason, the supreme court instructed courts to "simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition" without re-examining whether the policy reasons for the rule apply in a specific case. *See id.* at 122. Therefore, I would hold that Haase sufficiently raised the *Hughes* tolling rule in his summary-judgment response. *See* Tex. R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993).

Applying the *Hughes* tolling rule, I would hold that Haase's legal-malpractice claims were timely filed, and therefore the trial court's summary judgment in favor of Abraham Watkins should be reversed and remanded in its

---

[1] The majority suggests that, because Abraham Watkins lodged an objection below to Haase's invocation of the discovery rule but not to the *Hughes* tolling rule, Abraham Watkins also must have interpreted Haase's response as insufficient to raise the *Hughes* tolling rule. But a movant's failure to object to one of two theories does not necessarily lead to this conclusion; it is just as likely that the theory not objected to was simply overlooked. Indeed, on appeal, Abraham Watkins does not contend that Haase failed to raise the *Hughes* tolling rule; instead, the law firm makes a substantive argument that the policy reasons for applying the rule do not apply in this case. Accordingly, one could just as easily conclude from Abraham Watkins's appellate brief that the law firm believes Haase sufficiently raised the rule below.

[2] Although Haase did not cite *Hughes* in the portion of his response addressing the timeliness of his malpractice action, he did cite *Apex Towing Co.*

3

entirety.

/s/ Jeffrey V. Brown
   Justice


Panel consists of Chief Justice Hedges and Justices Brown and Busby (Hedges, C.J., Majority).