# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41087

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2018

Lyle W. Cayce
Clerk

NORMAN BLOOM,

Plaintiff−Appellant,

versus

AFTERMATH PUBLIC ADJUSTERS, INCORPORATED;
MICHAEL BACIGALUPO,

Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, CLEMENT, and COSTA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The parties agree that this case turns exclusively on whether Texas's special tolling rule in *Hughes v. Mahoney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991)—which suspends the statute of limitations on legal malpractice claims until completion of the litigation from which they arise—extends to actions against public adjusters. The district court thought not and dismissed the

No. 17-41087

claims as untimely. We agree and affirm.

I.

Gracie Reese purchased a standard flood insurance policy from Fidelity National Property and Casualty Company ("Fidelity") for property in Galveston damaged during Hurricane Ike. Per Reese's affidavit, in the aftermath of the storm, Fidelity sent an adjuster to her house. That adjuster prepared an estimate and authorized payments of around $48,500 for building damage and around $20,000 for content damage. Discontent with the authorized amounts, Reese contracted with defendant Aftermath Public Adjusters, Inc. ("Aftermath"), a Texas-licensed public adjusting firm, to assist.

Michael Bacigalupo was the licensed public adjuster assigned to the case. After examining the house, he prepared a Proof of Loss and Detailed Repair Estimate that stated, in effect, that Reese was entitled to additional amounts of about $68,500 for building repairs and around $25,000 for damaged content.

In August 2009, Fidelity notified Reese in writing that her claim was denied because no proof of loss had been submitted. In August 2010, Reese sued Fidelity, alleging her claim was wrongfully denied. Nearly four years elapsed, and in July 2014, Fidelity moved for summary judgment on the ground that Reese had provided "absolutely no documentation" to support her claim for additional payment. Reese chose not to respond, and on September 9, 2014, the court granted the motion.

On September 8, 2016, Reese filed this suit against Aftermath and Bacigalupo, alleging negligence and breach of contract based on defendants' failure to submit proof of loss timely to Fidelity. Defendants moved for summary judgment based on the relevant two- and four-year statutes of limitation, as approximately seven years had passed since Reese had received notice of Fidelity's denial of her claim. Reese replied that under *Hughes*, 821 S.W.2d at 157,

2

No. 17-41087

limitations were tolled until the conclusion of her suit against Fidelity. The district court disagreed and rejected the claims as untimely.

Reese died before the district court entered final judgment, and her grandson Norman Bloom was substituted as plaintiff. Bloom appeals.

## II.

The sole question is whether the tolling rule from *Hughes*, 821 S.W.2d at 157, reaches actions against public adjusters. Bloom says yes, or at the least, that the question should be certified to the Texas Supreme Court. We disagree.

When sitting in diversity, we apply the state's statutes of limitation and accompanying tolling rules. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997). Where the contours of those rules are underdetermined, we must make an *Erie* guess about how we expect the Texas Supreme Court would decide. "We are emphatically not permitted to do merely what we think best; we must do that which we think the [state] [s]upreme [c]ourt would deem best . . . ." *In re DePuy Orthopaedics, Inc.*, 888 F.3d 753, 765 n.5 (2018) (cleaned up). As a practical matter, that judgment is informed chiefly by "(1) decisions of the [state] [s]upreme [c]ourt in analogous cases, (2) the rationales and analyses underlying [state] [s]upreme [c]ourt decisions on related issues, [and] (3) dicta by the [state] [s]upreme [c]ourt." *Id.* (quoting *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998)).

Naturally, our analysis begins with *Hughes*, in which clients sued their attorney for negligence allegedly committed during past representation. *See Hughes*, 821 S.W.2d at 155–56. The Texas Supreme Court, in reviving an otherwise untimely claim, established the following special tolling rule: "[W]hen an attorney commits malpractice in the prosecution or defense of a

claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." *Id.* at 157. In defending that new rule, the court explained that the usual tolling principles "can force the client into adopting inherently inconsistent litigation postures in the underlying case and in the malpractice case," a conflict the court deemed "untenab[le]." *Id.* at 156.

Though the "inconsistent positions" rationale would seem to sweep broadly, the Texas Supreme Court has confirmed that the rule in *Hughes* applies only to attorney malpractice.[1] For example, in *Murphy v. Campbell*, 964 S.W.2d 265, 272 (Tex. 1997), the court declined to extend *Hughes* to suits against accounting firms. It emphasized that "*Hughes* does not hold that limitations is tolled *whenever* a litigant might be forced to take inconsistent positions. Such an exception to limitations would be far too broad. We expressly limited the rule in *Hughes* to attorney malpractice in the prosecution or defense of a claim that results in litigation." *Id.*[2] More recently, in *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 119–20 (Tex. 2001), the court described *Hughes* as a "bright-line rule" that tolls limitations "when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation." As a federal court sitting in diversity, it is not our place to second-guess the wisdom of that line but instead to enforce it. *See DePuy*, 888 F.3d at 765 n.5.[3]

---

[1] *Askanase v. Fatjo*, 130 F.3d 657, 669 (5th Cir. 1997) (rejecting plaintiffs' proposed application of *Hughes* and explaining that "*Hughes* . . . stand[s] for the proposition that when an *attorney* commits malpractice, the statute of limitations is tolled on the malpractice claim until all appeals on the underlying claim are exhausted" (emphasis added)).

[2] *Accord Hoover v. Gregory*, 835 S.W.2d 668, 672 (Tex. App.—Dallas 1992, writ denied) ("We interpret *Hughes* narrowly and decide that its application should be limited to cases involving *legal* malpractice."); *Ponder v. Brice & Mankoff*, 889 S.W.2d 637, 644–45 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (same).

[3] Texas law does not leave victims of negligence and deception high and dry. Under its "discovery rule," which applies when "the nature of the plaintiff's injury is both inherently

No. 17-41087

Bloom's lone reply is that public adjusters are actually lawyers in disguise. Bloom concedes defendants are technically "non-lawyers," but he insists they effectively "provide[d] legal services," because there was once a time when Texas prohibited non-lawyers from engaging in public adjusting.

But that was then, and this is now. Even assuming Texas law previously classified public adjusting as legal practice, under the relevant regime, these defendants are non-lawyers who were not engaged in legal practice. By definition, Bloom's claims cannot implicate the unique relationship that triggers the bright-line rule from *Hughes*. Only Texas has the power to say where lawyering ends and adjusting begins, just as its courts have the sole power to decide *Hughes*'s outer bounds. Accordingly, we reject Bloom's proposed expansion.

Bloom alternatively requests that we certify the question to the Texas Supreme Court. That decision turns on several factors, the most important of which are "the closeness of the question and the existence of sufficient sources of state law."[4] But here Texas law is clear.

AFFIRMED.

---

undiscoverable and objectively verifiable," the accrual period is deferred "until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). In declining to extend *Hughes* beyond its well-settled bounds, Texas courts demand of plaintiffs like Bloom only that they exercise reasonable diligence and, after doing so, make a tactical choice of whom to sue.

[4] *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 522 (5th Cir. 2015) (quoting *Williamson v. Elf Aquitaine, Inc.*, 138 F.3d 546, 549 (5th Cir. 1998)).