# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2021

Lyle W. Cayce
Clerk

No. 20-40534

Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2006-Eql Asset-Backed Certificates, Series 2006-Eql,

*Plaintiff—Appellee*,

*versus*

Gloria Castrellon,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CV-150

Before Higginbotham, Jones, and Costa, Circuit Judges.

Per Curiam:*

On June 30, 2006, Gloria Castrellon's then-husband, Jesus Castrellon, executed a Texas Home Equity Note ("Note") secured by the couple's home. Although Ms. Castrellon did not sign the Note, she joined

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40534

her husband that same day in executing a security instrument that secured payment of the Note with a lien on the couple's home.[1]

Around July 2012, the Castrellons stopped making payments on the Note. The bank's loan servicer notified the Castrellons on October 17, 2012, that the loan had been accelerated. By December 2013 they had missed 18 payments. On December 27, 2013, after various notifications from the parties in interest, Deutsche Bank (the Bank)—which had been assigned the security instrument and the Note in 2009—filed a Home Equity Foreclosure Application pursuant to Texas Rule of Civil Procedure 736. The Bank was granted a final order that allowed it to proceed with foreclosure on November 5, 2014.

In a bid to stop the sale, Ms. Castrellon sued the Bank on January 5, 2015, which automatically stayed the sale pursuant to Texas Rule of Civil Procedure 736.11(a). After the suit was removed to the Southern District of Texas, the parties reached a settlement and modification agreement that included a $3,990.55 immediate "down payment" from Ms. Castrellon, which then was applied to the loan.

Shortly thereafter, Deutsche Bank claimed that the settlement was void, because Mr. Castrellon, not Ms. Castrellon, was the actual and sole obligor on the Note, and it contended the proposed modification was therefore not possible. *Castrellon v. Ocwen Loan Servicing, L.L.C.*, 721 Fed. Appx. 346 (5th Cir. 2018). Ms. Castrellon attempted to enforce the agreement and litigation ensued. A panel of this circuit remanded for further proceedings; and back in the district court, the parties ultimately agreed to a dismissal without prejudice, July 12, 2018.

---

[1] The Castrellons divorced sometime in 2015.

No. 20-40534

The loan servicer resumed sending monthly notices to Mr. Castrellon that payments were due. In March of 2019, Mr. Castrellon was served with Notice of Default and Intent to Accelerate. The Castrellons were given thirty days to pay $303,379.36 or face acceleration.

On April 19, 2019, Deutsche Bank filed its Original Complaint seeking an order for non-judicial foreclosure pursuant to the terms of the loan agreement and Texas Property Code Section 51.002, and in the alternative judicial foreclosure. The parties cross-filed for summary judgement. The district court entered default judgment against Mr. Castrellon, partial summary judgment against Ms. Castrellon, and a final order dismissing all other claims on July 15, 2020. Only Ms. Castrellon has appealed.

We review the grant of summary judgement *de novo. In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003).

Under Texas law, "a secured lender "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citing TEX. CIV. PRAC. & REM. CODE § 16.035(a)). Where, as here, there is an option to accelerate, "the action accrues 'when the holder actually exercises its option to accelerate.'" *Id.* (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). However, under Texas common law, "[w]here a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991) (internal quotations omitted).

On appeal, Ms. Castrellon argues that the district court was wrong to grant partial summary judgment to the Bank, as she contends its April 2019 complaint seeking non-judicial foreclosure is time barred.

The Bank's primary argument is that it abandoned its original acceleration by entering into a settlement agreement, accepting a down payment from Ms. Castrellon, and foregoing remedies it had a legal right to pursue. The district court was not persuaded, noting the conflicting facts on the question of abandonment. Instead, the district court accepted Deutsche Bank's secondary theory—that Ms. Castrellon's separate suit tolled the statute of limitations as to the Bank's foreclosure effort. It is on this narrow basis that we affirm.

Deutsche Bank was in the process of foreclosing in 2015 when Ms. Castrellon filed a suit pursuant to Texas Rule of Civil Procedure 736.11(a), thus triggering the automatic stay under that rule. This litigation course effectively blocked the Bank from exercising foreclosure for the duration of that dispute. *See* TEX. R. CIV. P. 736.11(d) ("If the automatic stay under this rule is in effect, any foreclosure sale of the property is void."). Therefore, Ms. Castrellon's successful check on Deutsche Bank's ability to proceed also tolled the statute of limitations.

Deutsche Bank's action accrued at the earliest on October 17, 2012, when it accelerated the loan. The statute of limitations was tolled from January 5, 2015, when Ms. Castrellon filed her separate suit to block foreclosure, to July 12, 2018, when the parties agreed to a dismissal without prejudice. The more than three years' pendency of that suit postponed to April 23, 2020, the date the statute of limitations would have expired. Because Deutsche Bank filed the instant suit to foreclose on April 19, 2019,

No. 20-40534

after having noticed acceleration several months earlier, its claim for non-judicial foreclosure was timely.[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] The court additionally held that, "Ms. Castrellon's maintenance of the 2015 action did not prevent [the Bank] from seeking judicial foreclosure, and tolling cannot render this claim timely." In light of the above discussion, we do not address this holding.