**Opinion filed May 21, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00251-CV
_____

## STEVEN DOUGLAS FREEMAN, Appellant

## V.

## LANDON NORTHCUTT, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV37239**

## M E M O R A N D U M   O P I N I O N

Pro se Appellant, Steven Douglas Freeman, sued his criminal defense attorney Appellee, Landon Northcutt, for legal malpractice. The trial court granted Northcutt's combined motion for summary judgment and motion to dismiss. In a single issue, Freeman argues the trial court erred in granting Northcutt's motion because his claim was not time barred. We affirm.

## I. *Factual and Procedural History*

Northcutt represented Freeman after Freeman was indicted for driving while intoxicated, a third-degree felony enhanced by Freeman's habitual offender status. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 49.04(a), 49.09(b)(2) (West Supp. 2025). Pursuant to a plea bargain agreement, Freeman pleaded guilty and was sentenced to thirty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice on February 15, 2017.

Over five years later, in 2022, Freeman filed a legal malpractice suit against Northcutt. In his petition and in his live pleading, Freeman alleged that Northcutt "assured" Freeman "would not get prison time"; Northcutt failed to investigate and adequately prepare for the case; and Freeman was "forced to accept" a thirty-year sentence. In his second amended answer, Northcutt asserted a general denial and alleged Freeman lacked the capacity to sue. Northcutt also argued that Freeman's suit was barred by the doctrine of laches and the statute of limitations.

On May 13, 2024, Northcutt filed a "Motion to Dismiss And/Or Motion for Summary Judgment," arguing that Freeman had filed his malpractice suit outside of the two-year statute of limitations period. *See Zive v. Sandberg*, 644 S.W.3d 169, 174 (Tex. 2022) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)). Northcutt attached a copy of the trial court's judgment of conviction as an exhibit. In a filing titled "Controverted Facts in Response to [Northcutt's] Motion to Dismiss And/Or Motion for Summary Judgment," Freeman contended that the "cause of action for legal malpractice accrues when the client sustains a legal injury" and "[t]he date of the legal injury is not to be confused with the time it is discovered or the date when actual damages is fully ascertained." Freeman, however, did not allege the date that he incurred a legal injury nor the date that his cause of action accrued. Then, in an amended response, Freeman claimed that he did not discover the legal injury until April 1, 2022, after speaking with other inmates. Freeman stated, "It was suggested

that I might have a l[e]gitimate lawsuit against [Northcutt] because [Northcutt] blatantly lied and misled me into believing I would not receive prison time for my current DWI."

The trial court signed an order granting Northcutt's combined motion on June 19, 2024.

## II. *Standard of Review and Applicable Law*

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact as to at least one essential element of the cause of action being asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c)[1]; *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). We review the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

Where, as here, a defendant moves for summary judgment on the affirmative defense of limitations, the defendant-movant must conclusively prove when the plaintiff's cause of action accrued and conclusively negate the application of the discovery rule and any tolling doctrines that have been pleaded as an exception to limitations. *See Gill v. Hill*, 688 S.W.3d 863, 868 (Tex. 2024), *cert. denied*, 145 S. Ct. 274 (2024). A defendant who conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 509 (Tex. 2010).

---

[1]We note that the Texas Supreme Court has recently revised Rule 166a. Although the "rewrite is not intended to substantively change the law," it has resulted in a renumbering of the provisions of the rule. *See* Final Approval of Amendments to Rule 166a of the Texas Rules of Civil Procedure, Misc. Docket No. 26-9012 (Tex. Feb. 27, 2026). The amendments to this rule only apply to motions for summary judgment filed on or after March 1, 2026. Because Northcutt's motion for summary judgment in this case was filed prior to that date, we refer to the rule in effect at the time the motion was filed. *See id.*

Legal malpractice claims are subject to a two-year statute of limitations period. *Zive*, 644 S.W.3d at 174. Generally, a legal malpractice claim accrues when the client sustains a legal injury, or, in cases governed by the discovery rule, when the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action. *Id.* (citing *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 156 (Tex. 1991)); *Berry v. Berry*, 646 S.W.3d 516, 523 (Tex. 2022); *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120–21 (Tex. 2001); *see Erikson v. Renda*, 590 S.W.3d at 557, 563 (Tex. 2019). "[Limitations] run during periods when neither a direct appeal nor a post-conviction proceeding is pending." *Gray v. Skelton*, 595 S.W.3d 633, 640 (Tex. 2020) ("[T]his . . . satisfies our preference for bright lines in the statute-of-limitations context, and cures the potential problem of malpractice claims being tolled until some indeterminate time in the future when the convicted criminal seeks post-conviction relief."). *Id.* (internal citation omitted).

## III. *Analysis*

Freeman argues on appeal that he "discovered" Northcutt's alleged malpractice in March 2022, and he filed his lawsuit shortly thereafter. While his argument on appeal deviates slightly from his argument before the trial court—wherein he maintained that he discovered the injury on April 1, 2022—his specified injury remains the same. Freeman argues that Northcutt was ill-prepared and misrepresented to Freeman whether he would receive "prison time." Freeman's injury, therefore, should have been apparent to Freeman when he pleaded guilty and was sentenced to a term of imprisonment in open court on February 15, 2017. Freeman's live pleading contained no other allegations of any action or inaction on Northcutt's part that he "discovered" in 2022 that were not already known, or that should have been known to Freeman in 2017. *See Erikson*, 590 S.W.3d at 563; *see also Bailey v. Schneider*, No. 13-11-00057-CV, 2011 WL 3652618, at *2 (Tex.

4

App.—Corpus Christi–Edinburg Aug. 18, 2011, pet. denied) (mem. op.) (concluding legal malpractice suit was barred by statute of limitations where defendant-appellant argued his former counsel-appellee was negligent in filing a habeas corpus petition late but waited almost seven years to file suit); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2009 WL 260601, at \*4 (Tex. App.—San Antonio Feb. 4, 2009, pet. denied) (mem. op.) (concluding same where appellant's petition set forth detailed account of attorney's lack of preparation and inaction at a hearing, reasoning that by attending the hearing himself, appellant "knew or should have known the facts establishing his [legal malpractice] claim"). Because Freeman did not file his malpractice suit until April 1, 2022, more than two years after he was sentenced and should have discovered his legal injury, Northcutt has conclusively shown that this suit is barred by the two-year statute of limitations. *See Erikson*, 590 S.W.3d at 563.

To prevail in his motion for summary judgment based on limitations, Northcutt was also required to "conclusively negate application of . . . any tolling doctrines pleaded as an exception to limitations." *Draughon v. Johnson*, 631 S.W.3d 81, 90 (Tex. 2021) (quoting *Erikson*, 590 S.W.3d at 563). However, Freeman did not plead the applicability of any tolling doctrines, nor does he assert now on appeal that a direct appeal of his underlying conviction is pending *or* that his claim has been tolled as a result of any pending habeas application. *See Hughes*, 821 S.W.2d at 156 (providing that the statute of limitations for a legal malpractice suit is tolled during direct appeals and post-conviction proceedings); *see also Gray*, 595 S.W.3d at 639 (reaffirming the *Hughes* tolling principle). Freeman does not claim and has provided no evidence that an appeal of the underlying conviction was taken or is pending.

There being no issue precluding the applicability of the statute of limitations here, and Northcutt having conclusively shown its applicability, the trial court

properly granted Northcutt's motion for summary judgment.[2] *See Gill*, 688 S.W.3d at 868. We overrule Freeman's sole issue on appeal.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

May 21, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]Having concluded that the trial court did not err in granting Northcutt's motion for summary judgment, we need not address Northcutt's motion for dismissal. *See* TEX. R. APP. P. 47.1.