**Donald E. GHIDONI, Appellant**

v.

**Harry SKEINS, Jr., Paula K. Williamson and Skeins & Williamson, P.C., Appellees**

**No. 04-16-00040-CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: October 19, 2016

Donald E. Ghidoni, San Antonio, TX, for Appellant

Robert L. Graul, Jr., Attorney at Law, San Antonio, TX, for Appellee

Sitting: Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice, Jason Pulliam, Justice

## OPINION

Jason Pulliam, Justice

### INTRODUCTION

This appeal arises from the trial court's order dismissing appellant Donald Ghidoni's legal-malpractice suit filed against Harry Skeins, Paula Williamson and their law firm, Skeins and Williamson P.C. ("the Skeins parties"). Ghidoni also appeals the

trial court's order imposing sanctions and designating Ghidoni as a vexatious litigant. We reverse the trial court's order of dismissal and remand for further proceedings. As a result, the imposition of sanctions and the vexatious-litigant designation are also reversed.

## BACKGROUND

Ghidoni, proceeding *pro se*, filed this action alleging legal malpractice arising from the Skeins parties' legal representation of Ghidoni in a long-running and heavily litigated suit filed in 1992 (the 1992 suit).

In the 1992 suit, several parties, collectively referred to as Stone Oak, Inc., brought suit against Ghidoni seeking declaration of rights to a water well. Ghidoni's ex-wife, Nancy Ghidoni Meehan (Meehan), intervened asserting some ownership interest in the property that was the subject of the action. Following a jury trial, the trial court entered final judgment in favor of Stone Oak, Inc. and Meehan on September 1, 1994. Ghidoni appealed. While the case was on appeal, Ghidoni filed for bankruptcy on March 7, 1996.

On January 28, 1998, this court affirmed in part and reversed in part the trial court's judgment and remanded for further proceedings. This court reversed the portion of the judgment rescinding a special warranty deed from Meehan to Ghidoni and remanded to the trial court for determination of the restoration issue between Meehan and Ghidoni, only. *Ghidoni v. Stone Oak, Inc.*, 966 S.W.2d 573 (Tex. App.—San Antonio 1998, pet. denied). After the Texas Supreme Court denied petition for review, this court issued the mandate on December 17, 1999.

Some related litigation ensued in the bankruptcy court, was appealed to the Fifth Circuit, and the mandate issued on August 27, 2001. The appellate record does not contain any documents or indication of the substance of matters adjudicated or the results within these proceedings.

On December 19, 2001, Ghidoni filed suit in Bexar County District Court against the Skeins parties, and this suit was dismissed on May 12, 2002.[1] However, the appellate record does not reveal the substance of this suit or basis of dismissal. On July 31, 2002, Ghidoni filed suit in Bexar County District Court against numerous defendants, including the Skeins parties, alleging causes of action arising out of the 1992 suit. In particular, in that suit, Ghidoni asserted the Skeins parties committed legal malpractice arising from their representation of Ghidoni in the 1992 suit. The 2002 suit was subsequently dismissed for want of prosecution on July 12, 2011.

Following conclusion of the bankruptcy proceeding, the remanded portion of the trial court's judgment in the 1992 suit, then, proceeded in Bexar County District Court.[2] The Bexar County trial court signed a final judgment on the restoration issue in the 1992 suit on July 22, 2013.

Ghidoni filed this suit on June 24, 2015. In this suit, Ghidoni asserted the same legal-malpractice cause of action based upon the same alleged deficiencies as that asserted in the 2002 suit. The Skeins parties filed a motion to dismiss stating they "would show the Court that [Ghidoni's] suit is barred by the Statute of Limitations. [The Skeins parties] would further plead estoppel and laches." In the same motion, the Skeins parties moved for sanctions asserting Ghidoni's pleading contains groundless and false statements and was

---

1. This undisputed fact is revealed in a brief filed by Ghidoni, upon which the trial court took judicial notice.

2. This undisputed fact is revealed in a brief filed by Ghidoni, upon which the trial court took judicial notice.

filed frivolously and for the purpose of harassment. Ghidoni filed a brief in response to the motion to dismiss asserting his legal-malpractice action against the Skeins parties was tolled until final judgment in the 1992 suit was signed on July 22, 2013.

The trial court held a hearing on the motion to dismiss, during which it accepted and took judicial notice of documents filed in the underlying proceedings. In this hearing, the Skeins parties argued this suit should be dismissed because Ghidoni asserted the same cause of action based upon the same allegations in the 2002 suit, and that suit had been dismissed. The Skeins parties also briefly argued Ghidoni's suit was barred by expiration of the statute of limitations.

Ghidoni argued this suit is not barred by the previous dismissals because his cause of action had not accrued at the time the previous suits were filed, and the statute of limitations had not run when he filed this suit.

The trial court granted the Skeins parties' motion to dismiss with prejudice without stating reasons or on what grounds. Also, without stating reasons or basis, the trial court assessed sanctions in the amount of the Skeins parties' attorney fees of $3,500, as well as a fine of $5,000. The trial court also designated Ghidoni a vexatious litigant limited to the issues raised in this suit, only. Ghidoni moved for findings of fact and conclusions of law. Ghidoni moved for rehearing and a new trial, which were denied after an evidentiary hearing. Ghidoni timely perfected this appeal.

## ANALYSIS

### Issue One: Whether the Trial Court Abused its Discretion by Granting the Skeins Parties' Motion to Dismiss

#### Standard of Review

■ A trial court's ruling on a motion to dismiss is subject to an abuse-of-discretion standard of review. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001); *Ponce v. El Paso Healthcare Sys., Ltd.*, 55 S.W.3d 34, 36 (Tex. App.—El Paso 2001, pet. denied). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Determination whether a trial court abused its discretion is made on a case-by-case basis. *Federal Deposit Ins. Corp. v. Kendrick*, 897 S.W.2d 476, 481 (Tex. App.—Amarillo 1995, no writ). However, determination of the date of accrual of a cause of action is a question of law, which we review *de novo. Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988).

In this case, the facts required to determine the date of accrual of Ghidoni's legal-malpractice cause of action are undisputed. Therefore, we review the trial court's determination of the accrual date of Ghidoni's legal malpractice claim *de novo*, and the trial court's ruling on the Skeins parties' motion to dismiss for abuse of discretion. *See id.*

#### Issues to be Determined on Appeal

The trial court did not specify the grounds upon which it granted the Skeins parties' motion to dismiss. Because the order of dismissal does not state the grounds on which the trial court relied, any grounds presented to the trial court may support dismissal. *See Sammons & Berry, P.C. v. Nat'l Indem. Co.*, 14–13–00070–CV, 2014 WL 3400713, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2014, no pet.) (mem. op); *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Generally speaking, an appellant must

attack all independent bases or grounds that fully support a complained-of ruling or judgment.").

■ Here, the Skeins parties stated three grounds for dismissal in its motion to dismiss: (1) statute of limitations; (2) estoppel; and (3) laches. At the hearing, the Skeins parties briefly addressed the statute of limitations defense as support for dismissal, but argued as the primary ground for dismissal that Ghidoni's suit was barred because he filed a previous action against the Skeins parties asserting the same legal malpractice cause of action based upon the same allegations, and that suit was dismissed for want of prosecution. The Skeins parties did not address or even mention the estoppel or laches grounds.

Therefore, the Skeins parties' primary argument at the hearing was different than that named in the motion to dismiss. Because the record clearly indicates the trial court based its determination upon the arguments and evidence presented at the hearing, rather than the grounds stated in the motion, itself, we conclude only the grounds presented at the hearing are those that could have supported the trial court's order of dismissal.

Based upon the argument made at the hearing, the Skeins parties' grounds for dismissal that were properly presented to the trial court are: statute of limitations and res judicata/claim preclusion. *See Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628–29 (Tex. 1992) (holding res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that with the use of diligence should have been litigated in the prior suit); *see also Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984) (holding issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit).

### 1. Statute of Limitations Ground

■ Ghidoni contends the trial court abused its discretion by granting the Skeins parties' motion to dismiss. Directing this court to his brief filed in response to the Skeins parties' motion to dismiss, Ghidoni asserts his legal malpractice claim is not barred by the applicable statute of limitations because it was tolled pursuant to the rule established in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991) and *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 118–19 (Tex. 2001). Specifically, Ghidoni argues this suit, in which he asserts only a legal malpractice claim, was tolled until the trial court signed the final judgment on July 22, 2013, and all potential appeals were exhausted.

### *Applicable Law*

### Statute of Limitations:

■ A cause of action for legal malpractice is in the nature of a tort subject to the two-year limitations statute. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 2016); *Willis*, 760 S.W.2d at 644; *see also Tate v. Goins, Underkofler, Crawford & Langdon*, 24 S.W.3d 627, 635–36 (Tex. App.—Dallas 2000). A legal malpractice claim accrues when the client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers, or should have discovered through the exercise of reasonable care and diligence, the facts establishing the elements of the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *see S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) (legal injury rule); *Willis*, 760 S.W.2d at 646 (discovery rule).

### *Hughes* Tolling Doctrine:

■ In *Hughes*, the Texas Supreme Court established a tolling rule for the

statute of limitations in legal malpractice cases: "[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." *Hughes*, 821 S.W.2d at 157; *see also Murphy v. Campbell*, 964 S.W.2d 265, 272 (Tex. 1997). The *Hughes* rule applies even in cases in which the attorney's representation of the client terminates after the act of negligence, but before the conclusion of the litigation. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 121–22 (Tex. 2001).

The Texas Supreme Court clarified the *Hughes* tolling rule in *Apex Towing*, noting that it intended to establish a bright-line rule by using a categorical approach to the "clear and strict application of the *Hughes* tolling rule." *Apex Towing Co.*, 41 S.W.3d at 122. The court directed that "without re-examining whether the policy reasons behind the tolling rule apply in each legal-malpractice case matching the *Hughes* paradigm, courts should simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition." *Id.*

Thus, "as *Apex Towing* instructs, this court is simply to categorically apply the *Hughes* holding to 'legal malpractice case[s] matching the *Hughes* paradigm.'" *CellTex Site Services, Ltd. v. Kreager Law Firm*, 04–12–00249–CV, 2012 WL 6720663, at *3 (Tex. App.—San Antonio Dec. 28, 2012, pet. denied) (mem. op.) (quoting *Apex Towing Co.*, 41 S.W.3d at 122).

*Application*

This case falls within the *Hughes* paradigm, as Ghidoni asserts a legal malpractice cause of action based upon the Skeins parties' alleged errors and omissions committed while they represented him in litigation. *See Hughes*, 821 S.W.2d at 157. In this case, Ghidoni alleged the Skeins parties committed malpractice in a number of ways arising from their representation of Ghidoni in the 1992 suit. The protracted litigation in the 1992 suit concluded on July 16, 2013, when the trial court signed the final judgment, which was not appealed. Thus, pursuant to the strict, bright-line rule established in *Apex Towing*, the *Hughes* tolling principle applies to toll the statute of limitations on Ghidoni's legal malpractice claim against the Skeins parties until July 16, 2013.

On June 24, 2015, Ghidoni filed this lawsuit against the Skeins parties. The Skeins parties moved to dismiss this underlying action based upon expiration of the statute of limitations. However, as established in *Hughes* and *Apex Towing*, the statute of limitations on Ghidoni's legal malpractice claim was tolled and began to run on July 22, 2013. Ghidoni filed this suit within two years of this date. Therefore, the statute of limitations had not run when Ghidoni filed this action.

Because the statute of limitations on Ghidoni's action had been tolled, and he filed suit within two years of the date the cause of action accrued, the trial court erred to the extent it determined the cause of action accrued at an earlier date. Consequently, the trial court abused its discretion to the extent it granted the Skeins parties' motion to dismiss based upon expiration of the statute of limitations.

## 2. Res Judicata Ground

■ Ghidoni argues the trial court abused its discretion by granting the Skeins parties' motion to dismiss based upon the previous litigation because the statute of limitations was tolled when he filed the previous suits, and therefore, his cause of action had not yet accrued.

The Skeins parties respond that their motion to dismiss "was based on the fact that Ghidoni had brought the same causes of action in [the 2002 suit]. The Honorable Judge Renee McElhaney signed a Notice of Dismissal for Want of Prosecution on July 12, 2011." The Skeins parties contend that "given that the Court specifically found that the causes of action set out by Ghidoni in his First Supplemented Petition were the same causes of action brought by Ghidoni in prior lawsuits, there was no abuse of discretion by the trial court."

The Skeins parties' argument fails for the same reason the statute of limitations argument fails. When Ghidoni filed the previous lawsuits asserting legal malpractice against the Skeins parties, the trial court had still not rendered a final judgment in the 1992 suit from which the legal malpractice claim arose. Therefore, this cause of action was not yet ripe for adjudication, as it had not yet accrued. *See Apex Towing Co.*, 41 S.W.3d at 119–22. Because Ghidoni's legal malpractice cause of action did not accrue until July 22, 2013, dismissal of these previous actions was appropriate and could not have been an adjudication of Ghidoni's legal-malpractice claim. *See id.*

The statute of limitations on Ghidoni's legal malpractice cause of action was tolled at the time he filed the previous lawsuits, and therefore, the trial court erred to the extent it determined the previous dismissals preclude assertion of this cause of action in this suit. Consequently, the trial court abused its discretion to the extent it granted the Skeins parties' motion to dismiss based upon a finding the cause of action was previously adjudicated or that the previous dismissals precluded assertion in this suit.

Ghidoni's first issue on appeal is sustained.

## CONCLUSION

We, therefore, reverse the trial court's order of dismissal and remand this cause to the trial court for further proceedings.

Based upon this conclusion, we also reverse the trial court's order imposing sanctions and designating Ghidoni as a vexatious litigant limited to the issues raised in this action.