**AFFIRM; and Opinion Filed May 10, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00355-CV

**DONALD E. GHIDONI, Appellant**
**V.**
**HARRY SKEINS JR., PAULA K. WILLIAMSON, AND SKEINS & WILLIAMSON, P.C.,**
**Appellees**

**On Appeal from the 225th District Court**
**Bexar County, Texas**
**Trial Court Cause No. 2015CI10318**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Pedersen, III

Appellant Donald E. Ghidoni sued his counsel, appellees Harry Skeins Jr., Paula K.

Williamson, and Skeins & Williamson, P.C., for alleged legal malpractice arising from their

representation of Ghidoni in a prior lawsuit. The district court rendered a take-nothing judgment

against Ghidoni, and he appeals the judgment. We affirm.

### BACKGROUND

In 1983, Stone Oak, Inc., a residential real estate developer, leased a tract of property in

San Antonio from the property's owners for the purpose of drilling water wells to provide water

service to nearby residents. As it turned out, the same parcel had previously been leased to Ghidoni,

and his lease gave him a right of first refusal to purchase the property. Ghidoni filed suit against

the lessors and Stone Oak, and the suit settled in September 1984. Under the terms of the

settlement, Stone Oak assigned its own option to purchase the property under its lease to Ghidoni. In the event that Ghidoni exercised the option, the parties agreed that he would become the lessor under Stone Oak's lease. The settlement also provided, among other terms, that Stone Oak's wells could not generate noise in excess of 50 decibels at the well site perimeter.

In 1986, Ghidoni exercised his option to purchase the property. In 1992, Ghidoni terminated Stone Oak's lease based on its purported violation of the noise limits set forth in the prior settlement. That same year, Stone Oak filed a declaratory judgment and breach of contract suit against Ghidoni in Bexar County District Court. Stone Oak sought an injunction enjoining Ghidoni from restricting or preventing Stone Oak's access to the subject property to perform inspections and maintenance of its wells and equipment located on the property. Stone Oak alleged that a failure of its equipment would result in a loss of water service to "thousands of households in Stone Oak's service area." In response, Ghidoni filed counterclaims, including a claim for breach of contract arising from the noise level default and for damages based on the value of the water removed after the lease was purportedly terminated.

Hill Country Waterworks Company, an entity owned by Stone Oak, joined the suit as a plaintiff, though the record does not indicate when this joinder occurred. In addition, in July 1993, Hill Country, S.A. Ltd. intervened as a plaintiff on the basis that it had purchased the assets of Stone Oak and Hill Country Waterworks, including Sone Oak's rights under its lease.[1]

The case was tried before a jury in August 1994. During the trial, appellees, as Ghidoni's counsel, offered into evidence Defendant's Exhibit 32, which was a map of the San Antonio Water System. In Ghidoni's view, this exhibit undermined Stone Oak's case because the exhibit showed that an alternative source of water was available to residents in Stone Oak's service area. Ghidoni claims that the court admitted Exhibit 32, subject to the limitation that the exhibit's "meaning . . .

---

[1] Ghidoni's ex-wife, Nancy J. Ghidoni-Meeham, also intervened as a plaintiff and asserted an ownership interest in the subject property.

could not be discussed in the presence of the jury or any mention made of alternative sources of water." The reporter's record from the trial states that Exhibit 32 was "offered and received into evidence." However, the reporter's record contains no mention of any limitation on the use of Exhibit 32.

On September 1, 1994, the court rendered judgment that Ghidoni take nothing with respect his counterclaims. The judgment also declared that Stone Oak and Hill Country Waterworks were not in default of the lease, and it permanently enjoined Ghidoni from restricting Hill Country, S.A.'s access to, or use of, the subject property. In addition, the judgment ordered that Hill Country, S.A. recover from Ghidoni $126,958.75 in attorney's and paralegal's fees, and that Stone Oak and Hill Country Waterworks recover from Ghidoni $111,921 in such fees.

Ghidoni appealed the judgment. The San Antonio Court of Appeals affirmed and modified the judgment in part, and reversed and remanded it in part. *See Ghidoni v. Stone Oak, Inc.*, 966 S.W.2d 573, 588 (Tex. App.—San Antonio 1998, pet. denied) (opinion on motion for rehearing en banc). Following the conclusion of a related bankruptcy proceeding, the remanded portion of the 1994 judgment proceeded in Bexar County District Court. The court rendered judgment on July 22, 2013.

Nearly two years later, in June 2015, Ghidoni sued appellees in Bexar County District Court for legal malpractice related to the 1994 trial. His petition alleges, among other grounds, that appellees committed malpractice by neither requesting a record regarding the court's ruling on Exhibit 32 nor making a bill regarding the content and meaning of this exhibit. He also faults appellees for not providing evidence other than Exhibit 32 to show an alternative source of water for the affected Bexar County residences. Appellees moved to dismiss Ghidon's suit on the basis that it was barred by estoppel, limitations, and laches. The district court granted appellees' motion, but our sister court reversed the district court's ruling and remanded the case for further

proceedings. *See Ghidoni v. Skeins*, 510 S.W.3d 707, 709–10, 713 (Tex. App.—San Antonio 2016, no pet.).

On September 7, 2017, Ghidoni's malpractice case was tried before the court. During the trial, Ghidoni offered two affidavits signed by Skeins that summarized the pertinent events from the 1994 trial. In these affidavits,[2] Skeins averred that opposing counsel objected to the admission of Exhibit 32 on the basis that the document had not previously been produced. According to Skeins, Ghidoni was on the witness stand at the time and remarked that the exhibit had in fact been produced. Apparently prompted by this remark, the trial court directed the jury to leave the courtroom. The court then "berated" Ghidoni for his comment and threatened to hold him in contempt should he make any similar remarks going forward. Also while the jury was out, the court heard arguments from counsel regarding the relevance of Exhibit 32. By Skeins's recollection, the court admitted the exhibit into evidence but stated that "it could not be discussed in front of the jury." Nor could the parties or their attorneys "mention any facts to the jury related to alternative sources of water." Skeins also averred that a record of the entire trial was requested before the trial began, and the court reporter was in her seat when the foregoing events transpired.

In the 2017 trial, Ghidoni also proffered Kenneth Anderson, Jr., a San Antonio attorney, to testify as an expert regarding appellee's purported malpractice. Ghidoni retained Anderson while the underlying case was on appeal to investigate why a complete record was not made regarding Exhibit 32. Anderson has a degree in accounting from the University of Houston and a law degree from South Texas College of Law. He began his law practice in 1986, and he has handled between twenty-five and thirty jury trials over his career. His practice focuses on family law and on real estate matters. He has also practiced in other areas, including his handling of between fifteen and

---

[2] We summarize the affidavits collectively rather than specifying which averment came from which affidavit.

twenty legal malpractice cases. In addition, Anderson has dealt with cases involving water rights,[3] declaratory judgments, and requests for injunctive relief, though he provided no further detail regarding these cases. Moreover, he previously testified as an expert witness for the State Bar of Texas in two grievance cases filed in Bexar County. These two engagements occurred approximately 10 and 20 years, respectively, prior to the 2017 malpractice trial.[4]

Appellees objected to Anderson's qualifications on the basis that he was not an expert in water law, and he did not have sufficient experience as a testifying expert in legal malpractice cases. The court sustained appellees' objection. It also denied Ghidoni's motion for a mistrial. In addition, the court granted appellees' motion for directed verdict on the basis that, absent expert testimony, Ghidoni could not meet the elements of his case. *See Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119–20 (Tex. 2004) (noting that expert testimony is necessary in legal malpractice case "when the causal link is beyond the jury's common understanding"). On December 19, 2017, the court rendered a take-nothing judgment against Ghidoni.[5] Ghidoni filed a motion for new trial, which the court denied on February 15, 2018. This appeal followed.[6]

## ANALYSIS

Ghinodi appears before this Court pro se, though he was represented by counsel in the malpractice trial. He raises a single issue in which he contends the district court erred in sustaining opposing counsel's objection that Ghidoni's expert witness, Anderson, was not qualified to testify. We review a trial court's rulings on the admissibility of evidence for an abuse of discretion.

---

[3] In Anderson's view, water rights and real estate law are related topics.

[4] Anderson also represented Ghidoni in a 2005 lawsuit that Ghidoni filed against Skeins. Presumably based on this experience, as well as Anderson's prior investigation regarding the reporter's record in the 1994 trial, Anderson testified in the 2017 trial that he knew the underlying litigation "backwards and forward[s]."

[5] Specifically, the court's December 19 order denied Ghidoni's live petition, ordered that Ghidoni take nothing, and ordered "that all relief requested in this case and not expressly granted is denied." We interpret the court's order as a final judgment given that it disposed of all claims and all parties in the lawsuit. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (holding that an order is final and appealable if the intent to finally dispose of all claims and all parties is clear from the order).

[6] Ghidoni's appeal, though originally filed in the San Antonio Court of Appeals, was subsequently transferred to this Court. *See* Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018).

*Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015); *see also United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam) ("Whether a witness is qualified to offer expert testimony is a matter committed to the trial court's discretion."). In applying this standard, the relevant inquiry is "whether the trial court acted without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

"An expert witness may testify regarding 'scientific, technical, or other specialized' matters if the expert is qualified and if the expert's opinion is relevant and based on a reliable foundation." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 578 (Tex. 2006) (quoting TEX. R. EVID. 702). The proponent of an expert's testimony bears the burden of proving that the witness is qualified under Rule 702. *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex. 1998). This burden is met by demonstrating that the witness "'possess[es] special knowledge as to the very matter on which he proposes to give an opinion.'" *Broders v. Heise*, 924 S.W.2d 148, 152–53 (Tex. 1996) (quoting 2 RAY, TEXAS LAW OF EVIDENCE: CIVIL AND CRIMINAL § 1401 at 32 (Texas Practice 3d ed.1980)).

Ghidoni urges that Anderson's purported lack of expertise in water law did not render him unqualified to testify as an expert regarding appellees' negligence. He notes that his malpractice case focused on appellees' presentation of evidence in the 1994 trial regarding an alternative source of water, and in particular, their failure to ensure that a complete record was made regarding the court's ruling with respect to Defendant's Exhibit 32. In Ghidon's view, Anderson's education and his over thirty years of experience as a lawyer established his qualifications. Ghidoni also contends that a lawyer cannot be disqualified from testifying as an expert witness in a legal malpractice case on the basis that he has not previously served in this capacity. He urges that, if the rule were otherwise, the lawyer could never gain the requisite experience in a first trial to testify as an expert.

Appellees respond that Anderson offered ambivalent testimony regarding his qualifications. *Cf. Gen. Motors Corp. v. Iracheta*, 161 S.W.3d 462, 470 (Tex. 2005) ("[E]xperts cannot be as ambivalent as these two were and establish the privilege of offering opinion testimony under Rule 702."). They also argue that Anderson's prior experience regarding legal malpractice and water rights was too general to qualify him as an expert witness in this case. In addition, they urge that Ghidoni's offer of proof was insufficient to allow this Court to determine the admissibility of Anderson's testimony. *Singh v. Payan*, No. 04-17-00111-CV, 2018 WL 4096402, at *3 (Tex. App.—San Antonio Aug. 29, 2018, no pet.) (mem. op.) ("To be sufficient to preserve error, an offer of proof must describe or show the nature of the evidence specifically enough that the reviewing court can determine its admissibility." (citing TEX. R. EVID. 103(a)(2))).

As an initial matter, we agree with appellees that Ghidoni's offer of proof lacked specificity regarding the content of Anderson's opinion that would permit this Court to effectively determine whether Anderson possessed the requisite "special knowledge" to offer an expert opinion regarding such content. *Broders*, 924 S.W.2d at 152–53. After the court sustained appellees' objection to Anderson's testimony, Ghidoni's counsel stated as follows in her offer of proof:

> My expert witness would have testified to their having committed legal malpractice in this case. He would have testified that they were negligent in their representation of my client, that their conduct fell below the standard of care used by attorneys in the same or similar circumstances, that that constituted a breach of their duty owed, and that it was a -- foreseeable, and that their conduct was the proximate cause of my client's damages, and that his damages would have been the attorney's fees that he had to pay in the other underlying litigation.

In sum, this offer recited the elements of a legal malpractice claim without specifying how or why Anderson believed that those elements were satisfied. The conclusory nature of the offer hinders our review of Ghidon's complaint regarding the exclusion of Anderson's testimony. *Cf. Chapman v. Olbrich*, 217 S.W.3d 482, 494–95 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (concluding that offer of proof did not describe responses to requests for disclosure specifically enough to allow

appellate court to determine whether trial court erred in refusing to admit such responses into evidence).

Even if Ghidoni's offer were sufficient to preserve error, we conclude that the court did not abuse its discretion in determining that the evidence before it was insufficient to establish Anderson as an expert on legal malpractice. By way of analogy, "there is no validity . . . to the notion that every licensed medical doctor should be automatically qualified to testify as an expert on every medical question." *Broders*, 924 S.W.2d at 152. Extending this principle to the topic of legal malpractice, "that a person may be a licensed attorney . . . who holds years of experience in the practice of law, standing alone, will not qualify him or her to give an opinion on every conceivable legal question, including legal malpractice issues." *The Cadle Co. v. Sweet & Brousseau, P.C.*, No. Civ. A. 3:97-CV-298-L, 2006 WL 435229, at *4 (N.D. Tex. Feb. 23, 2006); *see also City of Laredo v. Limon*, No. 04-12-00616-CV, 2013 WL 5948129, at *6 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op.) ("General experience in a specialized field does not qualify a witness as an expert.") (citation and internal quotation marks omitted). While the record in this case shows that Anderson has handled several malpractice cases as an attorney and has testified as an expert witness in two such cases, it contains no evidence about the particular issues that Anderson handled or addressed in these capacities. Nor did Ghidoni offer evidence regarding the specific water law issues that Anderson has handled. Absent such proof, we cannot say that the district court abused its discretion in excluding Anderson's testimony.

## CONCLUSION

For each of the foregoing reasons, we affirm the judgment.

/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE

180355F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONALD E. GHIDONI, Appellant

No. 05-18-00355-CV     V.

HARRY SKEINS JR., PAULA K. WILLIAMSON AND SKEINS & WILLIAMSON, P.C., Appellees

On Appeal from the 225th District Court, Bexar County, Texas
Trial Court Cause No. 2015CI10318.
Opinion delivered by Justice Pedersen, III.
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees HARRY SKEINS JR., PAULA K. WILLIAMSON AND SKEINS & WILLIAMSON, P.C. recover their costs of this appeal from appellant DONALD E. GHIDONI.

Judgment entered this 10th day of May 2019.